# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF

2014 MAY 16 AM 9:57

# FLORIDA, JACKSONVILLE DIVISION

| MALIBU MEDIA, LLC,<br><br>Plaintiff<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 50.139.254.161<br><br>Defendant | Docket No. 3:13-cv-01579<br><br>MEMORANDUM OF LAW IN SUPPORT OF JOHN DOE'S (50.139.254.161) MOTION TO DISMISS THE MATTER, QUASH AND FOR A PROTECTIVE ORDER |
|---|---|

I, **JOHN DOE** subscriber assigned IP address 50.139.254.161 (hereinafter "Doe" or "Defendant") am representing myself *pro se* in this matter before the court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys. I understand that the Court may be reluctant to permit anonymous representation, but I feel that it is warranted in this case in order to protect my reputation and identity. I have reviewed the local rules for the Court and will follow them to the best of my ability.

This instant case is one of a very large number of similar cases filed throughout the country. In these matters, plaintiff hopes to extract quick settlements from alleged infringers by exposing them to potential embarrassment due to the nature of plaintiff's publications, i.e. Pornography. Defendant files this

Motion and requests that this Court follow others throughout the nation in dismissing these frivolous suits. Defendant respectfully requests that this Court (1) dismiss the action against Defendant due to Plaintiff's failure to identify the specific person(s) who used Defendant's network to access the works in question and (2) quash the subpoena seeking Defendant's personal information, or in the alternative, grant a protective order preventing the disclosure of any personal information.

## PROCEDURAL HISTORY

Plaintiff filed the instant action alleging Defendant shared pornographic films via the internet using a file sharing protocol known as "BitTorrent". On April 10, 2014 an order was entered by this Court on Plaintiff Malibu Media LLCs ("Malibu Media") motion, which allowed Plaintiff to serve a subpoena on the Defendant's Internet Service Provider ("ISP"). Defendant was notified of this action through Comcast, defendant's ISP. Defendant now files this Motion and Memorandum of Law.

## ARGUMENTS AND CITATION OF AUTHORITY

I. **PLAINTIFF FAILS TO SUFFICIENTLY IDENTIFY DEFENDANT BY IP ADDRESS**

Plaintiff asserts that Defendant, identified only by IP address, was the individual who infringed the work(s). The assumption that the person who pays for internet access at a given location is the same individual that allegedly downloaded a specific movie is unwarranted. An IP address only identifies the router, a device that allows multiple computers to use the same internet connection. The router functions in a similar manner to a telephone PABX system, which allows multiple persons to share a single telephone number. Thus, any of the multiple computers attached to the router would present the same IP address to the public internet. The IP address alone is not sufficient to identify which of the many possible devices (if any) attached to the network were involved in the alleged infringement.

Given the near ubiquity of wireless network devices at the present, many, including Defendant's, are shared by multiple persons. These include family members and friends who regularly access the network. In addition, a third party may be able to access the network without authorization. Although the network can be protected by encryption, many online tools exist which allow an attacker to bypass security. (See http://www.aircrack-ng.org/ for one such tool). In addition, a number of wireless routers were recently show to have software "back doors" which permit an unauthorized person to access the network without the necessary passwords. Defendant's router was one such device. (See

http://www.theregister.co.uk/2014/01/06/hacker_backdoors_linksys_netgear_cisco_and_other_routers/)

Other courts have noted the difficulty of tying an IP address to a specific person. In *U.S. vs Latham*, 2007 WL 4563459:

"Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call."

And

"Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film."

From *Malibu Media vs. John Doe*, case 1:14-cv-20213-UU, filed in the Southern District of Florida:

"There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district."

And

"Even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright. The Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant."

Thus, Plaintiff has not established with any certainty that the ISP subscriber is the same person who allegedly downloaded the works in question. The Court in *Digital Sin, Inc, vs. Does 1-176*, 2012 WL 263491 (S.D.N.Y., Jan 30, 2012) noted that it was "concerned with the possibility that many of the names and addresses produced in response to plaintiff's discovery request will not in fact be those of the individuals who downloaded the movie in question." The Court further noted that "the risk of false positives gives rise to the potential for coercing unjust settlements from individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading obscene movies."

## II.   THE SUBPOENA MUST BE QUASHED, OR AT A MINIMUM, A PROTECTIVE ORDER SHOULD BE ISSUED

Based on the above, Defendant respectfully requests that the subpoena issued to his ISP, Comcast, be quashed by dismissing Defendant from this suit due to

Plaintiff's inability to prove the Defendant accessed the Works via the reported IP address. Such a request would be consistent with the trend of courts throughout the nation, all of which have quashed subpoenas issued by similar litigants due to similar issues. See *U.S. vs Latham*, 2007 WL 4563459, *Malibu Media vs. John Doe*, case 1:14-cv-20213-UU, 2014.

FRCP Rule 26( c ) allows that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Court is given broad discretion to prohibit or limit discovery and is reviewed on an abuse of discretion standard. See *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). If Defendant is named sharing pornographic films, embarrassment and damage to Defendant's reputation is assured. No matter what transpires in the future, Plaintiff knows the potential embarrassment is enough to coerce a settlement and hence these cases are pursued. Defendant respectfully requests that any identifying information remain sealed and confidential, or that Court issue some form of protective order to prevent embarrassment or harassment as justice may require.

## CONCLUSION

For the reasons outlined above, Defendant respectfully requests this Court to GRANT the Defendant's motion and provide Defendant the following relief:

(1) Dismiss the Defendant due to Plaintiff's failure to provide proof that Plaintiff did in fact access the Works via the reported IP address

(2) Quash the subpoena at issue

(3) To the extent the subpoena is not quashed, grant a protective order sealing and preventing the disclosure of any information obtained through a subpoena; and,

(4) Provide any further relief to Defendant that is just and proper.

Respectfully submitted

JOHN DOE (50.139.254.161)

Date: 5/15/2014         By: John Doe 50.139.254.161

John Doe (50.139.254.161)

## CERTIFICATE OF SERVICE

I certify that on the 15th day of May, 2014, a copy of the foregoing was forwarded to LIPSCOMB EISENBERG & BAKER, PL via United States Postal Service.

3:13-cv-01579

## ATTACHMENTS

I – Proof of standing

II – Proof of service

Contact: qbright@outlook.com



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

April 21, 2014

*Personal and Confidential*

*Via UPS & USPS Delivery*

Re:   *Malibu Media, LLC v. John Doe*
United States District Court for the Middle District of Florida
Docket No.: 3:13-cv-01579
Order Entered: April 10, 2014
Comcast File #: 548912

Dear

Malibu Media, LLC has filed a federal lawsuit in the United States District Court for the Middle District of Florida. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Malibu Media, LLC's copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 50.139.254.161 on 11/12/2013 02:09:15 GMT. The court has ordered Comcast to supply your name, address and other information to Malibu Media, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 3:13-cv-01579 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than May 21, 2014**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than May 21, 2014**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments:   Copy of Subpoena, Complaint and accompanying Court Order regarding civil action

Attachment II

