IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF FLORIDA

| | |
|---|---|
| MALIBU MEDIA, LLC, | Civil Action No. 3:13-cv-01579-TJC-PDB |
| Plaintiff, | |
| vs. | |
| CURT VANDENHEUVEL, | |
| Defendant. | |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIMS

I, Curt Vandenheuvel, appearing in *pro se*, answers Plaintiff's Amended Complaint and admits, denies and avers as follows:

#### Introduction

1.   Admits the allegations of paragraph 1.

2.   Denies the allegations of paragraph 2.

3.   Does not have knowledge or information on which to form a belief as to the allegations of paragraph 3 and therefore denies the same.

#### Jurisdiction and Venue

4.   Admits the subject matter jurisdiction of the Court, and denies all other allegations of paragraphs 4 - 7.

## Parties

5.      Does not have knowledge or information on which to form a belief as to the allegations of paragraph 8 and therefore denies the same.

6.      Admits the allegations of paragraph 9.

## Factual Background

7.      Plaintiff's description of the Bittorrent protocol is incorrect. The correct term for the section of a Bittorrent file is 'piece' (see Exhibit 1). The term 'bit' is reserved for the fundamental unit of computing theory (see Exhibit 2). As it stands, plaintiff's description of the Bittorrent specification is nonsensical. A competent software professional would not have committed an error of this magnitude. Defendant therefore alleges that either plaintiff and/or their experts ('IPP') are incompetent with regard to Bittorrent protocol theory. Insofar as paragraphs 10 – 16 make any allegations of infringement, Defendant denies.

8.      Defendant has no knowledge of what IPP International may or may not have observed, and therefore denies the allegations of paragraphs 17 – 23.

9.      Denies the allegations of paragraphs 24 – 27 and further notes that they are irrelevant to the instant case.

## Miscellaneous

10.     Does not have knowledge or information on which to form a belief as to the allegations of paragraphs 28-29 and therefore denies the same.

## Count I

11.     Defendant incorporates by reference his answers to paragraph 1- 29.

12.   Does not have knowledge or information on which to form a belief as to the allegations of paragraph 31 and therefore denies the same.

13.   Denies the allegations of paragraphs 32 - 35 and all of their sub parts.

### Affirmative Defenses

14.   Defendant did not download any of the works listed in plaintiff's complaint. Defendant has no knowledge of any person who may have infringed plaintiff's works using defendant's network. Defendant has examined the computer systems and removable media under his control using forensic software and finds no references to any of the works listed in the plaintiff's complaint. Further, all filesystems predate the alleged infringement, and no data sanitizing tools have been used. Defendant will create forensic images for Plaintiff's examiner if requested, with specific conditions.

15.   Defendant holds a degree in Electronic Engineering, and has been continuously employed in the Information Technology field for twenty-three years as a Software Engineer.

16.   Plaintiff has no interest in preventing infringement, and is pursuing this case and others like it purely for the purposes of profit. Plaintiff has consciously avoided taking any action that may have a chilling effect on the practice of seeding the works to Bittorrent networks.

17.   Plaintiff observed alleged infringement occurring on Defendant's network for a period of four months. Had plaintiff been motivated by a desire to prevent infringement, they could have alerted the defendant using channels provided by the Digital Millennium Copyright Act. Defendant could then have taken steps to determine if infringement was indeed occurring and put a stop to it. Plaintiff willfully failed to do so in order to increase the amount of any potential settlement.

18.   By information and belief, plaintiff has taken no action to identify the initial uploaders ('seeders') of the works to Bittorrent networks. Since the seeders must logically be one or more subscribers to plaintiff's services, the plaintiff is in a position to identify the seeder(s). Plaintiff has willfully failed to do so in order to generate the maximum numbers of suits against alleged downloaders.

19. By information and belief, plaintiff has taken no technological countermeasures to protect their works and/or identify seeders. Technological measures such as Digital Rights Management software exist to allow only authorized users to view the works. Technological measures such as injecting a serial number into a video file at the point of download exist to allow identification of seeders. Plaintiff has willfully failed to take any countermeasures in order to generate the maximum number of suits against alleged downloaders.

20. IPP International are not licensed as investigators in the state of Florida. IPP uses data gathering techniques known to produce false positives, and are unable to tie infringement back to a specific person. IPP is also incompetent, as noted in paragraph 7. Defendant therefore alleges that IPP has erred in the instant case. Defendant intends to depose the principals of IPP (at plaintiff's expense), and further intends to procure software source code, database backups, database transaction logs, application logs and all related artifacts in order to determine the source of the error.

### Counterclaims

21. Estoppel. Plaintiff is estopped from making the Amended Complaint claims because the claims are the result of Plaintiff's establishment and use of a system for luring and inducing unsuspecting Bittorrent users into an unintentional act of alleged copyright infringement for the express purpose of suing the users and extracting quick settlements to avoid embarrassment and the cost of litigating the claims.

22. Copyright Misuse. Plaintiff has misused the copyright statutes of the United States and is therefore not entitled to profit from such misuse or enforce its alleged copyrights.

WHEREFORE, having fully answered Plaintiff's Amended Complaint the defendant prays for the following:

    a.    Dismissal of plaintiff's claims with prejudice;
    b.    An order that plaintiff shall be afforded no relief from its complaint herein;
    c.    A declaration of non-infringement and injunctive relief;
    d.    An order to the U.S. Copyright Office to cancel plaintiff's purported copyright

registrations;

 e. Fees and costs awardable under 17 U.S.C. Section 505;

 f. Sanctions pursuant to Fed. R. Civ. P. 11;

 g. For post-judgment interest on the entire amount until paid in full; and

 h. For such other and further relief as the Court may deem just

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 19th day of January, 2015.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2015, I furnished Plaintiff's counsel with the foregoing DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIMS via electronic mail.

Curt Van Den Heuvel
3927 Brampton Island Ct S
Jacksonville FL 32224
Email: cvdh1@comcast.net