FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2015 MAY 29  AM 11: 56

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

| | |
|---|---|
| MALIBU MEDIA, LLC, | Civil Action No. 3:13-cv-01579-TJC-PDB |
| Plaintiff, | |
| vs. | |
| CURT VANDENHEUVEL, | |
| Defendant. | |

## Defendant's Motion to Strike

### 1. Background

This is a claim of direct copyright infringement regarding certain works owned by the Plaintiff. In Plaintiff's Amended Answer, paragraphs 24 through 27, reference is made to 'additional evidence'. Such evidence purports to show other files allegedly downloaded using Defendant's network. Defendant requests that, for the reasons set forth hereunder, these claims be struck.

After conferring with the Plaintiff, Plaintiff has agreed to strike these claims, but reserves the right to refer to the 'additional evidence' in these proceedings.

### 2. Lack of standing

Plaintiff claims ownership only of the works specifically listed in the amended complaint. Plaintiff has no standing to pursue any other claims of infringement outside of those works to which they claim ownership.

### 3. Plaintiff's 'additional evidence' is immaterial

The sole question before the Court is whether the Defendant knowingly infringed those works over which the Plaintiff claims ownership. Whether Defendant did or did not infringe any other works is utterly irrelevant to the instant case.

Plaintiff states that this 'evidence' may be used to identify an infringer by hobbies or profession, but this claim too is immaterial. Since Defendant's network has been used by many persons during the period of alleged infringement, this evidence cannot be used to identify the infringer absent any other evidence specifically related to the works owned by the Plaintiff.

### 4. Plaintiff's 'additional evidence' is potentially scandalous

In previous cases brought by the same plaintiff, the 'additional evidence' contained unredacted names of pornographic materials allegedly downloaded by the Defendant. The sole purpose of this 'additional evidence' is to embarrass a defendant and force an early settlement. Plaintiff's lawyers have been previously sanctioned by the Courts in this regard (3:13-cv-00207-wmc).

### 5. Appeal to precedent

In a recent ruling (1/25/2015) against the same Plaintiff in Ohio (1:14-cv-493, *Malibu Media vs. 65.189.10.120*), the Court ruled *sua sponte* that Plaintiff's claim of additional infringement must be struck:

> Finally, the Court *sua sponte* raises what appears to be a remnant of one of Plaintiff's particularly controversial litigation practices. Plaintiff's complaint makes the seemingly off-hand allegation that IPP International UG logged Defendant's IP address distributing 2,732 third-party files through BitTorrent...Plaintiff euphemistically describes this as "additional evidence" that Defendant is a persistent BitTorrent user and that "[m]any of the titles to the third party works may also be relevant to proving Defendant is the infringer because they correlate to the Defendant's hobbies, profession,

or other interests."...Plaintiff advises that it has this "additional evidence" on a separate document and gratuitously offers to produce it upon request...

Plaintiff presumably did not attach this document to its complaint because its lawyers have been sanctioned for the same...This attachment... "consistently includes far more disturbing lewd, unusual and unredacted titles of pornographic films allegedly downloaded by the defendant than those belonging to plaintiff." Courts concluded that the sole purpose of this exhibit was to "harass and intimidate defendants into early settlements by use of the salacious nature of others' materials, rather than the merit of its own copyright claims."

Although Plaintiff did not attach Exhibit C to its complaint, references to its existence and thinly-veiled threats of its production demonstrate that "these cases are fraught with circumstances that could embarrass the putative defendant should they become public and strongly influence his or her decision to settle even a meritless suit just to make the case go away before being publicly associated with their client's film."...The alleged infringement of third-party copyrights is "immaterial to the allegations in the complaint."

**WHEREFORE**, Defendant requests that the Court strikes paragraphs 24 through 27 of the Plaintiff's Amended Complaint.

Respectfully submitted this 29th day of May, 2015.

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2015, I furnished Plaintiff's counsel with the foregoing MOTION TO STRIKE via electronic mail.

*[signature]*

Curt Van Den Heuvel
3927 Brampton Island Ct S
Jacksonville FL 32224
Email: cvdh1@comcast.net