UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No.: 3:13-cv-01579-TJC-PDB |
| ) | |
| v. ) | |
| ) | |
| CURT VANDENHEUVEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANT'S HARD DRIVES [CM/ECF 47]**

**I.     INTRODUCTION**

Plaintiff's copyright infringement claim is based on Defendant's use of the BitTorrent protocol to download and distribute Plaintiff's copyrighted works. Accordingly, on March 27, 2015, Plaintiff served Defendant with its First Set of Requests for Production, wherein Plaintiff requested production of forensically sound images of Defendant's computer hard drives. Although Defendant agreed to produce his hard drive, he first demanded entry of a protective order to prevent disclosure of confidential information within his hard drives.[1] Thereafter, Plaintiff sent Defendant a draft protective order which addressed all of Defendant's concerns regarding disclosure of confidential information. Nevertheless, Defendant unreasonably required that: (a) Plaintiff's expert engage in the labor intensive task of creating a list of possible and relevant search terms; (b) Defendant be permitted to unilaterally decide which files Plaintiff's expert could examine/view; (c) Plaintiff's expert comply with the impossible demand to disable a "preview function" during his examination; and (d) Defendant be permitted to create the

---

[1] To be clear, both parties have conferred and agreed that hard drive production will take place. Accordingly, the purpose of this opposition is only to oppose the parameters under which the subject hard drives are to be examined.

1

images of the hard drives himself. After the parties reached an impasse, Defendant filed a Motion for Protective Order Regarding Defendant's Hard Drives (CM/ECF 47) ("Defendant's Motion"). However, Defendant's Motion fails to demonstrate good cause for why the Court should enter a protective order comprised of the foregoing restrictions.

Plaintiff maintains that: (1) its proposed protective order sufficiently limits the hard drive examination to only relevant files or files likely to lead to the discovery of admissible evidence; (2) because Plaintiff's proposed protective order prevents the disclosure of confidential or privileged information, a log of search results for Defendant's review of privileged files is unnecessary; and (3) to avoid any technical problems or future evidentiary issues, Defendant's hard drives should be imaged by a third party computer professional. All of the foregoing is addressed in Plaintiff's Proposed Protective Order attached hereto as Exhibit A. For the foregoing reasons as explained more fully below, this Court should deny Defendant's Motion and enter Plaintiff's Proposed Protective Order.

## II.   LEGAL STANDARD

"The Federal Rules state that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (internal quotations omitted). "To establish good cause, a party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) (internal quotations omitted). "[W]hether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in

question[.]" *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001)

### III. ARGUMENT

#### A. Defendant's Proposed Protective Order is Unreasonable

##### 1. Defendant's Order Contains Unreasonable Search Terms

Defendant's proposed protective order demands that Plaintiff's Expert, Patrick Paige ("Mr. Paige" or "Plaintiff's expert") create a list of search terms. Specifically, the list must include the names of: (a) every BitTorrent client ever in existence; and (b) every "known data and file sanitizing" utility[2]. This request is unreasonable and would unquestionably prevent the discovery of relevant evidence within the hard drive. To explain, Plaintiff's position is that each of these categories is highly relevant. However, requiring Plaintiff to create a list of search terms encompassing each of these categories is unnecessarily restricting, labor intensive, and time consuming.

To explain, Defendant's use of any peer-to-peer file sharing software and BitTorrent protocol is directly relevant to Plaintiff's claim of copyright infringement. Indeed, Plaintiff is alleging that Defendant used a BitTorrent client to infringe its works. Further, the ongoing use of such programs makes the instant infringement more likely. Accordingly, Plaintiff seeks to learn what, if any, relevant software exists (or once existed) on the hard drives. However, creating a list of every BitTorrent protocol and peer-to-peer file sharing service in existence is unreasonable. In addition, it is unreasonable to require Plaintiff to create a list of every "known data and file sanitizing" utility. It is less burdensome and time consuming to determine which software is (or once was) located on the hard drives and thereafter determine if any are

---

[2] Plaintiff does not object to the search terms "Malibu Media", "X-Art" and "Torrent", and the titles of each of Plaintiff's works at issue, and variations thereof.

3

BitTorrent clients or any known data and file sanitizing utilities. Accordingly, a list of search terms for BitTorrent clients and "known data and file sanitizing utilities" is unreasonable, if not impossible.

2. <u>Defendant's Order Demands Creation of an Unnecessary Privilege Log</u>

Defendant further instructs Mr. Paige to produce "a list of files containing the [search terms]" to Defendant. Defendant will then unilaterally decide if each file is privileged or relevant and will either grant or decline permission to examine the file. Such a protocol is self-serving, costly, unnecessary, and would interfere with Plaintiff's ability to adhere to the Court's case management deadlines. Further, the Court would be burdened by disputes regarding Defendant's unilateral decisions on file examination. At this rate, discovery would never conclude.

3. <u>Defendant's Demand That Plaintiff's Expert Disable The Preview Function of His Forensic Software is Impossible</u>

Defendant's protective order requires Plaintiff's expert to "disable the File Preview option" within his forensic software during his examination. First, EnCase, Mr. Paige's forensic software, does not have a "File Preview option" which can be disabled. Accordingly, it would be impossible for Plaintiff to comply with this provision. Even if such an option existed, which it does not, Defendant failed to provide any good cause for such a restriction. In fact, this provision is absurd because it precludes Plaintiff's expert from determining if any of the files are relevant or if they are the infringing works–the very purpose of the hard drive examination.

4. <u>Allowing Defendant To Image the Hard Drives Himself Presents Evidentiary Issues</u>

Defendant's protective order states that "Defendant will create images of his hard drives and external removable media in Encase E01 format". The creation of a forensically sound

4

image and shipping of same is the physical acquisition and transfer of evidence. If done improperly evidence can be altered, lost, damage or destroyed. Therefore, computer professionals take measures to ensure the proper acquisition of such evidence. For example, computer professionals verify a hard drive's BIOS clock (internal computer clock) by comparing the BIOS clock to the date and time of imaging. This ensures that Defendant has not manipulated the BIOS block to prevent examination of relevant files. Computer professionals also take photographs of the hard drives to document any external damage sustained prior to acquisition. Further, computer professionals notate the serial number and size of each hard drive. This ensures that the entire device was imaged. Accordingly, Plaintiff requires that the hard drives be imaged, properly packaged, and shipped to Plaintiff's Expert by a computer professional.

**B. Plaintiff's Proposed Protective Order Addresses All of Defendant's Concerns Regarding Confidential and Privileged Documents**

1. <u>Plaintiff Must be Permitted to Search for Evidence of Infringing Copies of Its Works</u>

In order to discover evidence of infringement of Plaintiff's works, Plaintiff seeks entry of a protective order allowing Mr. Paige to search for: (1) every title, and any variation thereof, of Plaintiff's Works identified on Plaintiff's Amended Complaint in this case; (2) the term "X-Art" or any variation thereof; and (3) the term "Malibu Media" or any variation thereof. *See* Exhibit A at ¶8(a). All of the foregoing are reasonable searches. To the extent that Defendant is concerned about the disclosure of privileged information, paragraph 11 and 12 of the proposed protective order protects Defendant from any disclosure of privileged and confidential information.

2. <u>Plaintiff Must Be Permitted to Discover Evidence of Defendant's Use of BitTorrent and Peer-to-Peer File Sharing Software</u>

In order to discover evidence of BitTorrent and peer-to-peer file sharing, Plaintiff seeks entry of a protective order allowing Mr. Paige to search for: (1) the term "torrent"; and (2) the presence or prior existence of a BitTorrent client and peer-to-peer file sharing software (i.e., torrent trackers, torrent bookmarks, torrent files, torrent file fragments, torrent related web history, and evidence of other peer-to-peer software). *Id*. at ¶8(b). And, paragraph 12 of the proposed protective order will prevent disclosure of Defendant's IRS filings, banking information, or personal information.

3. <u>Plaintiff Should Be Permitted to Discover Evidence of Spoliation and Suppression of Evidence</u>

In order to discover evidence of spoliation and suppression of evidence (a common occurrence in many of Plaintiff's cases), Plaintiff's expert must be permitted to search for: (1) sophisticated wiping efforts such as the reformatting or wiping of a hard drive; (2) deletions; (3) significant alterations; and (4) the suppression of evidence. *See* Exhibit A, at ¶8(c). This involves examination of or search for: (1) information about how and when the image was created; (2) the timeline of hard drive usage; (3) the operating system installation information; (4) devices that have been plugged into the hard drive; (5) anti-computer forensic software (software specifically designed to wipe or delete user activity on a hard drive) including but not limited to Evidence Eliminator, Window Washer, and other wiping software programs installed on the hard drive; (6) the contents within the unallocated space and recycling bin of the hard drive; and (7) modifications on the hard drive registry. *Id*.

IV. **CONCLUSION**

Plaintiff's proposed protective order allows Plaintiff to conduct a thorough investigation into copyright infringement, BitTorrent and peer-to-peer file sharing usage, and evidence of

spoliation while still preserving Defendant's confidential and privileged information. For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's motion and instead enter Plaintiff's Proposed Protective Order attached hereto as Exhibit A.

Dated: July 14, 2015

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
By: /s/ *Jason H. Cooper*
Jason H. Cooper (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*