**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRIC OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC | ) ) ) Civil Case No.: 3:13-cv-01579-TJC-PDB |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CURT VANDENHEUVEL | ) ) |
| Defendant. | ) ) |

**MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**
**BY DEFENDANT & THIRD-PARTY, AMBER VAN DEN HEUVEL**

COMES NOW, Defendant CURT VAN DEN HEUVEL, and Third-party AMBER VAN DEN HEUVEL, by and through the undersigned counsel, hereby files this Motion to Quash Subpoena and Motion for Protective Order, pursuant to Federal Rules of Civil Procedure, Rule 26(c) and 45(d), and would show as follows:

### I.     BACKGROUND

1. This lawsuit is a copyright infringement case, wherein the Plaintiff is suing Defendant for allegedly downloading and sharing porn from a BitTorrent site.

2. On or about January 8, 2016, Plaintiff served on Defendant's daughter, AMBER VAN DEN HEUVEL ("AMBER"), a subpoena to appear to testify on January 20, 2016 in Gainesville, FL.

3. Defendant's counsel had previously informed the Plaintiff that AMBER was unavailable that the day of the 20th.

4. Defendant's counsel also express that such testimony was pointless, improper, and only designed to humiliate the Defendant.

5. On or about November 10, 2015, AMBER received notice with her family that she has advanced Type I Diabetes, with substantial pancreatic failure.

6. AMBER is presently being treated through Shands, in Gainesville, wherein she is schedule for treatment on January 20, 2016.

7. The treatment has serious physical and psychological side effects, leaving AMBER in pain throughout the day.

8. Equally disconcerting is why Plaintiff found it necessary to depose Defendant's daughter, who would have been only sixteen (16) at the time of the alleged infringement, regarding a case of alleged porn sharing, and not Defendant's wife or son[1].

9. To date, Defendant has provided all computers requested, in use at the home at the time of the alleged infringement, and cooperated with all discovery requests.

10.     Malibu's strategy and its business models are to extort, harass, and embarrass defendants to persuade defendants to pay settlements with plaintiffs instead of paying for legal assistance while attempting to keep their anonymity and defending against allegations which can greatly damage their reputations.

11.     Federal courts have addressed such practices regarding a plaintiffs "attempt to create a cottage industry of filing copyright claims, making large claims for damages and then settling claims for pennies on the dollar." *Righthaven LLC v. Democratic Underground LLC,* No. 2:11- cv-01356 (D. Nev. April 14, 2011). In this practice, "plaintiffs ... file cases with extremely weak infringement positions in order to settle … and have no intention of taking a case to trial. Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts." *Raylon, L.LC. v. EZ Tag Corp.,* No. 6:09-cv-00357 (E.D. Tex. March 9, 2011)

---

[1] To date neither Defendant's spouse, nor son, have been served subpoena's for information surrounding the computer that were turned over.

12.     IP addresses can be either dynamic or static. ISPs assign dynamic IP addresses to a computer for only as long as the current user's internet session lasts; a new IP address is assigned for each subsequent internet session. Static IP addresses do not change; the same number is assigned to the same computer consistently over time. Frederick Lah, *Are IP Addresses "Personally Identifiable Information"?* 4:3 Journal of Law and Policy for the Information Society 684 (2008).

13.     According to the authors of *Challenges and Directions for Monitoring P2P File Sharing Networks-or- Why my Printer Received a DMCA Takedown Notice*, The University ofWashington, available at http://dmca.cs.washington.edu/, last visited on September 23, 2015, the real perpetrator might turn out to be a malicious internet user who is in China or a neighbor in an apartment building.

14.     Even after finishing their expert report, Plaintiff is still seeking to depose AMBER in hopes of continuing its goose chase to find some way of pinning the IP Addresses to the named Defendant.

15.     "It is the manner in which Malibu has chosen to prosecute those cases which is problematic, not the nature of the cause of action. The twenty-eight Defendants named in this case are apparently just the "tip of the iceberg." Diet Drugs, 325 F. Supp. 2d at 542. Hundreds others have been sued in the Middle District of Florida, and hundreds of thousands of John Does have been sued across the country." *Malibu Media, LLC v. Doe*, 295 F.R.D. 527, 2012 U.S. Dist. LEXIS 183969, 2012 WL 9512018 (M.D. Fla. 2012).

16.     Short of asking whether AMBER ever witnessed her father downloading or sharing Plaintiff's porn, or whether AMBER herself downloaded the porn, there is

absolutely no value in a deposition, other than to harass and continue a fishing expedition for evidence.

## II.   MOTION TO QUASH THIRD-PARTY SUBPOENA – UNDUE BURDEN

17. Under Fed. R. Civ. P. 45(d)(4), the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to an undue burden."

18. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. *Abruscato v. Geico Gen. Ins. Co.*, 2013 U.S. Dist. LEXIS 189662 (M.D. Fla. Dec. 20, 2013).

19. Pursuant to [this] discretion . . . ., [a] Court must be sensitive to the potential burden imposed on a non-party during discovery, by balancing the need for the material against the burden (financial or otherwise) to be imposed, the possibility of lightening it through a protective order, the financial resources of the non-party, and the non-party's interest (if any) in the final outcome of the litigation. *Cantaline v. Raymark Industries, Inc.*, 103 F.R.D. 447, 1984 U.S. Dist. LEXIS 21967, 40 Fed. R. Serv. 2d (Callaghan) 552 (S.D. Fla. 1984).

20. Given the importance of the treatment that AMBER must undergo, and the impact it has on her during same, the Subpoena imposes an undue burden.

21. The undue burden of circumventing and/or altering her treatment regimen would further exacerbate her condition.

22. Therefore, Defendant respectfully requests that the Court grant this motion to quash the subpoena pursuant to Fed. R. Civ. P. 45 (d)(3).

### III.   MOTION FOR PROTECTIVE ORDER

23. Under Fed. R. Civ. P. 26 (c), the Court may, for good cause, issue an order to protect a party or person from "[a]nnoyance, embarrassment, oppression, or undue burden or expense."

24. It is well-settled under Fed. R. Civ. P. 45 that when a party objects to the enforcement of a subpoena, the burden is upon the party seeking the production to show good cause for the request. Pursuant to Fed. R. Civ. P. 26(c), the court has the power to make any order which justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense in discovery requests. Fed. R. Civ. P. 26(c). *Ballard v. Ill. Cent. R.R.* (In re Deposition Subpoena served upon James W. Ballard), 2006 U.S. Dist. LEXIS 51311 (N.D. Ala. Mar. 9, 2006).

25. Good cause exists for a protective order to prevent the needless harassment of a freshman in college about the named Defendant, her father, and his alleged use of a computer to download or share Plaintiff's porn, all subject to Plaintiff's attempts to try to extract a settlement out of Defendant.

26. Where a subpoena's primary purpose is not to obtain information for use in the litigation but rather to extract money from numerous individuals, any request to identify such individuals is an undue burden. The Defendants in these porn copyright infringement cases, often embarrassed about being named in a suit, may be willing to fold under the embarrassment of involving their families. See *MCGIP, LLC v. Doe*, 2011 WL 4352110, (N.D. Cal. September 16, 2011).

27. Courts have recognized that in these recent John Doe cases based on BitTorrent, "Plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them." *K-Beech, Inc. v. Does 1-85*, No.3:11cv469-JAG (E.D. Va. October 5, 2011).

28. On or about September 14, 2015, a Court endorsed a protective order preventing Plaintiff from deposing neighbors and family of the Defendant, due in part to the tactical extortion postured by Plaintiff. *Malibu Media, LLC v. John Doe*, 1:14-cv-10155-KBF (S.D.N.Y).

29. Just as in the above referenced case, Plaintiff offered to forgo depositions, if the Defendant would admit that he was the only one who could have committed the infringement.

30. In this matter, Plaintiff offered to stipulate that no other depositions would be necessary if Defendant would conceded that Plaintiff's technology and basis for associating the IP addresses with Defendant were beyond question, for which Defendant declined.

31. As addressed by the late Judge Harold Baer, Jr. "[i]n such cases, there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." *Media Prods., Inc*, No. 12-cv-3719 at 4 (S.D.N.Y. June 18, 2012).

32. The decision to enter a protective order is within the court's discretion, and does not depend on legal privilege. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc*., 231 F.R.D. 426, 429 (M.D. Fla. 2005).

33. No records were requested of AMBER, and the computer she used when she resided with her parents was already turned over for inspection by Plaintiff's expert.

34. Plaintiff's desire in deposing AMBER, Defendant's daughter, is to embarrass and annoy him into a concession.

## VI. CONCLUSION

35. For these reasons, Plaintiff's Subpoena should be quashed, for creating an undue burden on a third-party.

36. Furthermore, Defendant and AMBER respectfully requests that the Court grant this motion entering a protective order preventing Plaintiff from further harassing Defendant's family, and in particular, Defendant's daughter.

37. Plaintiff's third-party subpoena unduly burdens Defendant and AMBER because both of them will be an innocent victims of Plaintiff's systematic attempt to leverage settlements from harassing Defendant's family.

WHEREFORE, for the foregoing reasons, Defendant, CURT VAN DEN HEUVEL and AMBER VAN DEN HEUVEL, respectfully requests that this Honorable Court enter an Order GRANTING this Motion and

    1. QUASHING the outstanding subpoena seeking AMBER's Deposition on January 20, 2016;

    2. ENTERING a protective order preventing Plaintiff from obtaining further harassing Defendant's Daughter for discovery or a deposition; and

    3. FOR SUCH OTHER AND FURTHER RELIEF that this Court deems just and proper.

Dated: January 18, 2016

By: */s/ Joshua A. Cossey*
Joshua A. Cossey (Bar No. 0059716)
Joshua@DHClawyers.com
Charles T. Douglas (Bar No. 0025896)
Charlie@DHClawyers.com
Douglas Hedstrom Cossey, P.A.
3168 US 17 South
Orange Park, FL 32003
Tel:     (800) 369-6657
Fax:    (386) 385-5916
*Attorney for Defendant*

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

I hereby certify that, I conferred with counsel for Plaintiff, advised that the third-party was unavailable on January 20, 2016 and discussed the merit of deposing the third-party, wherein Counsel for each of the parties could not agree on the matter or merits related to same.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2016, I filed electronically the foregoing with the Clerk of the Court via CM/ECF Systems which will notify electronically all parties to include:

LIPSCOMB EISENBERG & BAKER, PL
M. Keith Lipscomb, Esq.
Klipscomb@lebfirm.com
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Tel: (786) 431-2228
Fax: (786) 431-2229
*Attorney for Plaintiff*

By: */s/ Joshua A Cossey*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRIC OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC | )<br>)<br>) Civil Case No.: 3:13-cv-01579-TJC-PDB<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| CURT VANDENHEUVEL | )<br>) |
| Defendant. | )<br>) |

## **ORDER**

THIS CAUSE, having come before the Court's on Defendant and AMBER VAN DEN HEUVEL's MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER, and the Court being duly advised in the premises, does hereby:

ORDER AND ADJUDGE:  Plaintiff's Subpoena served on AMBER VAN DEN HEUVEL is hereby QUASHED, and this Court herein issues an Order of Protection, precluding Plaintiff from deposing AMBER VAN DEN HEUVEL.

DONE AND ORDERED on this ____ day of _____, 2016.


By: _____
**UNITED STATES MAGISTRATE JUDGE**